IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDDIE RIVERA, Personal
Representative of the Estate
of Valeria Rivera,

    Plaintiff,

vs.                                               CIVIL NO. 01-530 WJ/LFG

SPIRIT HOMES, INC., KAYJES, INC.,
dba Creative Living Manufactured Homes,
and BOMBARDIER CAPITAL, INC.,

    Defendants.

BOMBARDIER CAPITAL, INC.,

    Counter/Cross-Claimant,
    Third-Party Plaintiff,

vs.

KAYJES, INC.,

    Cross Defendant,

EDDIE RIVERA,

    Counter-Defendant,

COLLEEN FRY TAFOYA
and PAULA ERVIN,

    Third-Party Defendants.

## **RECOMMENDATION FOR DISMISSAL OF CLAIMS WITHOUT PREJUDICE**

THIS MATTER is before the Court *sua sponte*.

**Background**

Plaintiff Valeria Rivera filed suit against the Defendants on May 10, 2001, alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312. Additionally, Mrs. Rivera alleged causes of action for breach of contract, breach of implied warranty of merchantability, breach of express warranty, Uniform Commercial Code revocation, unconscionable trade practices, unfair trade practices, negligence, fraudulent misrepresentation, material misrepresentation, negligent misrepresentation, breach of the duty of good faith, and, finally, violation of the Retail Installment Sales Act. Mrs. Rivera's claims arose out of her purchase of a 1999 Spirit mobile home.

Subsequent to the Rule 16 scheduling conference, the District Court denied Mrs. Rivera's motion to remand, and this case was set for a settlement conference. However, on February 5, 2002, prior to the scheduled conference, Defendant Spirit Homes, Inc. filed a Suggestion of Death advising the Court that Mrs. Rivera had died. That Suggestion of Death was followed up with a letter to the Court on March 8, 2002, requesting that the settlement conference set for March 19, 2002 be vacated because of the question concerning who, if anyone, had authority to represent the decedent's interests.

On March 14, 2002, the Court corresponded with counsel and directed that immediate steps be taken to name a personal representative and substitute him or her in this action. A personal representative, Eddie Rivera, was named, but, apparently, due to some dispute between the newly named personal representative and counsel, Mr. Michael Hacker moved to withdraw from this litigation and requested that Mr. Eddie Rivera appear *pro se*. Mr. Hacker's motion to withdraw

stated in part, "The movant attorney of record does not represent Eddie Rivera and has no intention of doing so herein." (Motion, ¶ 5).

The Court granted Mr. Hacker's request to withdraw, but denied the request that Mr. Rivera appear *pro se*. The Court's May 7, 2002 order stated:

> The Plaintiff, Valeria Rivera, passed away on September 24, 2001. Her son, Eddie Rivera, was appointed Personal Representative of the estate by the Cibola County District Court. Eddie Rivera seeks to substitute himself in this case and to appear on behalf of the estate in a "*pro se*" capacity.
>
> Mr. Rivera will be permitted to substitute himself as the Plaintiff in the case. However, his request to appear *pro se* on behalf of the estate will be denied. Mr. Rivera has no individual cause of action in this lawsuit and is not representing himself. Rather, he seeks to prosecute this claim on behalf of his deceased mother's estate. A non-attorney who brings suit on behalf of someone else must be represented by counsel. Even in instances where a parent could represent oneself as a *pro se* litigant, that individual cannot represent another family member. Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986); *see also* In re Schmidt, 122 N.M. 770, 773, 931 P.2d 1386, 1389 (1997)("only two types of legal representation are recognized-- litigants appearing pro se or those appearing through licensed counsel of record. They may not appear through unlicenced laymen, not even their parents[.]"). Chisholm v. Rueckhaus, 124 N.M. 255, 257, 948 P.2d 707, 709 (Ct. App.), *cert. denied*, 124 N.M. 268, 949 P.2d 282 (1997).

Thus, Mr. Rivera was told that while he had the authority to appear as a plaintiff on behalf of the estate, he could not represent the estate in a *pro se* capacity. Mr. Rivera, the Personal Representative, was directed to have substitute counsel enter an appearance within twenty days from the date the order was filed. Mr. Rivera was advised that if he failed to have substitute counsel enter an appearance, the Magistrate Judge would recommend dismissal of the case without prejudice.

More than twenty days have elapsed since the Court's order. No substitute counsel has entered an appearance and the Court has not extended the time for substitute counsel to appear. As previously indicated, Mr. Rivera may not appear as a *pro se* litigant in this case, but must appear through licensed counsel. Mr. Rivera having failed to comply with the Court's order, the Court now recommends that this case be dismissed without prejudice.[1]

                                        */s/ Lorenzo F. Garcia*
                                        Lorenzo F. Garcia
                                        United States Magistrate Judge

---

[1] Within ten (10) days after a party is served with a copy of this recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the recommendation. If no objections are filed, no appellate review will be allowed.